NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIN JONES, <br><br> Petitioner - Appellant, <br><br> v. <br><br> JEFFEREY PERKINS, <br><br> Respondent - Appellee. | No. 23-1655 <br><br> D.C. No. 3:22-cv-05371-BJR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted December 3, 2024[**]
Seattle, Washington

Before: BOGGS[***], McKEOWN, and R. NELSON, Circuit Judges.

Martin Jones appeals the denial of his habeas petition under 28 U.S.C.

§ 2254(d). The petition challenges Jones's first-degree murder conviction for the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

shooting of Washington State Patrol Trooper Scott Johnson. A motions panel granted a certificate of appealability on a single issue: whether the state trial court violated Jones's Fourteenth Amendment right to due process by declining to suppress eyewitness identification evidence. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Reviewing the district court's denial of a writ of habeas corpus de novo, we affirm. *Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010).

Jones argues that the admission of eyewitness identification evidence violated his Fourteenth Amendment right to due process because it was unduly suggestive under *Biggers* and *Brathwaite*, and, consequently, the decision of the Washington Court of Appeals affirming his sentence was contrary to, or an unreasonable application of, clearly established federal law.

But even "a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." *Manson v. Brathwaite*, 432 U.S. 98, 106 (1977). To assess reliability, courts must consider (1) "the opportunity of the witness to view the criminal at the time of the crime," (2) "the witness' degree of attention," (3) "the accuracy of the witness' prior description of the criminal," (4) "the level of certainty demonstrated by the witness at the confrontation," and (5) "the length of time between the crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972).

The state trial court addressed all five *Biggers* factors and reasonably applied each factor to the facts. Even brief opportunities to view an assailant's face can be adequate for reliable identifications. *See, e.g.*, *United States v. Bagley*, 772 F.2d 482, 494 (9th Cir. 1985) (deeming identification based on incident where officer "drove by" a suspect sufficiently reliable). Trooper Johnson saw his assailant on two separate occasions: once, during the initial confrontation over Susan Jones's car, and a second time, immediately after he was attacked. Trooper Johnson also said that he "got a good look at" his assailant. And a "trained police officer on duty" can reasonably "be expected to pay scrupulous attention to detail." *Brathwaite*, 432 U.S. at 115. Trooper Johnson's description of the assailant matched Jones's age, height, build, hair color, and facial hair. *See Brathwaite*, 432 U.S. at 115; *Biggers*, 409 U.S. at 200; *United States v. Bruce*, 984 F.3d 884, 892 (9th Cir. 2021). Once Trooper Johnson was presented with a clear color photograph of Jones, he confidently identified Jones as the assailant. He also expressed a high degree of confidence when presented with Jones's photograph in a montage and did not express any doubt in his identification. And finally, very little time passed between the crime and the presentation of the photograph.

The state court identified the correct governing federal precedent and reasonably applied it to the facts. *See Williams v. Taylor*, 529 U.S. 362, 389–90,

407 (2000). Consequently, the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal precedent.

In the alternative, Jones contends that the state court's decision was based on an unreasonable determination of the facts. But, as Jones acknowledges, the state court's rulings "were grounded upon a universe of stipulated facts," and Jones has not challenged any specific factual determinations.

**AFFIRMED.**